MICKEY SANDERS ET AL. *v.* CITY OF ANSONIA ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 145143

Memorandum filed January 7, 1976

*William Fox Geenty* and *Wilbur Ward Dinegar,* for the named plaintiff.

*Tyler, Cooper, Grant, Bowerman & Keefe,* for the named defendant.

*Robert J. Gillooly,* for the defendant Joseph Salvati.

*John F. X. Androski,* for the defendants Robert Colandro, Andrea Sobin, William Keefe, Jr., and Joseph Salvati.

SADEN, J. This case presents an interesting and new question of law not heretofore decided in Connecticut. The plaintiffs instituted an action against the defendant city of Ansonia alleging, in counts one and two of their substituted complaint, the maintenance of a nuisance known as Colony Pond in the Abe Stone Park. The plaintiff Mickey Sanders, a minor, claims that because of the alleged nuisance he sustained serious injuries while using the pond. In counts three and four of their substituted complaint the plaintiffs allege negligence on the part of four individual defendants who, they assert, were assigned by the defendant city, and who accepted, duties as summer program director, as swimming program supervisor, and as lifeguards.

The defendant city demurs to counts one and two claiming that the plaintiffs' substituted complaint contains no allegation that written notice of the intention of the plaintiffs to sue and of the time and place where the alleged damages were sustained was filed with the clerk of the city of Ansonia within six months after the cause of action accrued as required by General Statutes § 7-465. The action as instituted by the plaintiffs is one against both the city and its employees. The city contends that this cannot be done because § 7-465, as amended in 1973 by Public Acts 1973, No. 73-610, provides that no action for personal physical injuries or damages to property shall be maintained against the municipality and an employee jointly unless the written notice mentioned above has been filed. In this case the plaintiffs do not allege that they have filed such a notice. The city asserts that if a joint action is allowed without that notice, municipal immunity for negligent acts of employees can easily be circumvented. The court does not follow the logic of that contention because it seems obvious that in Connecticut at common law a municipality cannot be held liable for the negligent acts of its employees committed in the performance of a governmental function. Wright & Fitzgerald, Conn. Law of Torts (2d Ed.) § 91. Nor does the court find in the comparative negligence rule any reason to believe that the statute establishing it was intended to change the doctrine of municipal immunity, notwithstanding the city's apparent argument to that effect. See Saden, "Comparative Negligence Adopted in Connecticut," 47 Conn. B.J., 416-32.

Nevertheless, there is no doubt that § 7-465 does require a notice to the city clerk and a joint action against the municipality and its alleged negligent employee where the plaintiff purports to seek reimbursement from the municipality for the negligence

of its employee. The statute does not create a new cause of action against the municipality. In effect, however, it accomplishes that result by removing the defense of governmental immunity in a negligence action against the municipality and its negligent employee where, under the statutory provisions, suit is instituted jointly against both after a proper written notice. *Martyn* v. *Donlin,* 148 Conn. 27, 32.

If, as here, no such notice is given on a negligence claim, the municipality cannot be held jointly responsible under § 7-465. The city emphasizes the word "jointly" in the 1973 amendment. The city claims that the plaintiffs cannot take advantage of the elimination of the defense of governmental immunity otherwise available to the municipality in an action by a plaintiff against a negligent municipal employee unless the plaintiff complies with § 7-465 as to notice as well as its other requirements. The city claims further that the plaintiffs cannot seek reimbursement from the municipality under the terms of the statute without similar compliance. It is manifest that the statute operates to impose liability upon the municipality when and if its municipal employee is first found negligent in a joint action provided the notice and other requirements have been fulfilled by the plaintiff. Only under those circumstances does the liability of the municipality and the employee become "joint" and only then can they be held jointly liable.

What is the significance of the word "jointly" as added by the 1973 amendment? The city says that it means that the city and the employees cannot be sued in the same action even if the counts against the two are separately stated. On the other hand, the plaintiffs argue that their action is in no way dependent upon § 7-465 as amended and that their

allegations make no attempt to charge the city with the negligence of its employees under the terms of the statute. On the contrary, the plaintiffs assert that their claims against the city and the employees are separate. The claims against the city are based upon nuisance, those against the employees, on negligence. Nowhere do the plaintiffs seek to charge the city with any liability under the terms of § 7-465. Therefore, say the plaintiffs, it is not necessary for them to comply with the provisions relative to written notice as required by the statute. Thus they claim that they can pursue their separate causes of action against the city and against its employees in the same suit and they acknowledge that a recovery against the employees on grounds of negligence will not bind the city under § 7-465. In order to recover against the city, the plaintiffs will have to establish a nuisance on one of the grounds set forth in *Kostyal* v. *Cass,* 163 Conn. 92, 98–100.

Section 7-465 provides for a joint action against a municipality and a negligent employee, each cause to be stated in a separate count. *Martyn* v. *Donlin,* 148 Conn. 27, 32. Both counts must of necessity, by the terms of the statute, be based upon the same cause of liability, i.e., negligence. Any question of the misjoinder of parties in an action such as this where the plaintiffs pursue a remedy in nuisance against the city and a separate remedy in negligence against the employees is put aside without decision.[1] The court must decide, however, whether the plaintiffs are barred from stating those two separate and distinct causes of action in the same complaint but in separate counts without invoking the benefits of § 7-465, although the procedure is similar to that suggested by *Martyn,* supra, for use under that statute.

---

[1] No issue of misjoinder is raised by the city. See *Veits* v. *Hartford,* 134 Conn. 428.

Common sense, if nothing else, seems to point to the answer. The word "jointly,"[2] as added to § 7-465 in 1973, must reasonably be construed as implying the additional phrase "under this statute." That construction would serve the purpose of the statute which is to make the municipality liable for the negligent acts or omissions of its employees. At the same time, it would not rule out separate actions against the municipality on a claim of nuisance and against employees on a claim of negligence. The fact that those claims are stated in the same complaint in separate counts does not create any joint liability if recovery is obtained against the employees only, because such a result could only follow where there has been compliance with § 7-465. Of course, it is conceivable that the use of the word "jointly" means that the city and its employees cannot be sued in any case in the same action unless § 7-465 is observed. Certainly no useful purpose would be served by requiring the plaintiffs, first, to bring two separate actions, and, then, to move to consolidate them and actually have them tried at one and the same time when the same result could be obtained by following the course that the plaintiffs have adopted here in one complaint. The plaintiffs' complaint as it presently stands cannot confuse the trier as to the bases of liability asserted separately against the separate defendants. See *Jabs* v. *Burlington*, 23 Conn. Sup. 158, 159-60. Nothing in § 7-465 leads the court to believe that the statute provides a new and totally exclusive method of suing a city or an exclusive cause of action against it or its negligent employees. The prime purpose of the act is to abolish the defense of governmental immunity in actions based on the negligence of municipal employees and to make a municipality liable for the negligent acts or omissions of its employees. It

---

[2] An examination of the legislative history of the 1973 amendment sheds no light on why the word "jointly" was inserted.

should not be construed to eliminate a plaintiff's right to sue the city on grounds of nuisance or his right to pursue municipal employees individually on grounds of negligence without seeking to impose liability on the city for that negligence, which is essentially what the plaintiffs are seeking to achieve here. See *Veits* v. *Hartford,* 134 Conn. 428, 438–39. The complaint is based on a single occurrence, the alleged physical injury to the minor child, Mickey Sanders, received while he was using Colony Pond. It is immaterial that the claims for relief do not have the same legal basis. See *Veits,* supra, 439.

Under these circumstances the demurrer of the defendant city of Ansonia is overruled.