RICHARD BASSIN *v.* CITY OF STAMFORD ET AL.
(10336)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued December 10, 1991—decision released February 4, 1992

*Nancy Aldrich,* for the appellant (plaintiff).

*John R. Mitola,* for the appellee (named defendant).

HEIMAN, J. The plaintiff in this personal injury action, Richard Bassin, appeals from the trial court's summary judgment in favor of the defendant city of Stamford. The plaintiff claims that the trial court improperly granted the city's motion for summary judgment on the basis of the plaintiff's failure to satisfy the notice provisions contained in General Statutes § 13a-149 because issues of material fact existed concerning whether (1) the notice adequately described the location of the alleged accident, (2) the plaintiff intended to mislead the city regarding the location of the alleged accident and (3) the city was in fact misled regarding the location of the alleged accident. We reverse the trial court's judgment.

The pertinent facts are as follows. On November 20, 1990, the plaintiff filed a revised complaint claiming that he suffered physical and emotional injuries as the result of tripping over a raised manhole cover and falling in the center of South State Street, outside the Stamford railroad station. The second count of the revised complaint alleged that the city breached its duty to keep the road in repair.[1] See General Statutes

---

[1] Only the first and second counts of the revised complaint were directed against the city. The first count, which alleged that the city was negligent with respect to the claimed defect, was stricken by the trial court on Decem-

§ 13a-149.[2] The plaintiff, in an attempt to comply with the notice requirements of § 13a-149, sent a certified letter dated November, 3, 1987, to the city. The letter informed the city that the plaintiff was injured after he "tripped on a raised sewer hole at the Stamford Railroad Station on October 18, 1987, at approximately 11:45 P.M., while [he] was exiting the Railroad Station on the Northbound side." The city filed a motion for summary judgment on May 2, 1991, claiming that the plaintiff failed to comply with the notice provisions of § 13a-149. In support of its motion, the city filed an affidavit sworn to by John R. Mitola, its attorney. Mitola stated in the affidavit that because "[t]he only facts necessary for determination of the instant motion for summary judgment can be gleaned from the examination of the court's file . . . no factual affidavit is necessary to support this motion." The plaintiff responded by filing a written objection to the motion together with an affidavit sworn to by the plaintiff personally. In his affidavit, the plaintiff did not address the adequacy of the notice. Rather, he simply restated the central allegations contained in his complaint that after he exited the "northbound train at the Stamford Railroad Station, and . . . walked under the underpass to the

---

ber 17, 1990, leaving only the second count. The third and fourth counts of the revised complaint were directed against the state of Connecticut, which is not a party to this appeal.

[2] General Statutes § 13a-149 provides in pertinent part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

southside of the station" he was injured when he tripped over a "raised manhole in the center of [South State Street]." The trial court granted the motion for summary judgment, reasoning that (1) the description of the accident's location was so indefinite that it constituted a complete failure of notice, and (2) even if the notice was simply inaccurate, the plaintiff failed to invoke the saving clause of § 13a-149 by alleging either that the plaintiff did not intend to mislead the city or that the city was not in fact misled. The plaintiff appealed from the trial court's summary judgment rendered in favor of the city.

Under our rules of practice, any party may move for summary judgment once the pleadings in a case are closed. Practice Book § 379. The party seeking summary judgment bears the burden of showing the nonexistence of any material fact, which is any fact that will make a difference in the result of a case. *Cummings & Lockwood* v. *Gray,* 26 Conn. App. 293, 297, 600 A.2d 1040 (1991). To satisfy this burden, the moving party must offer "such documents as may be appropriate, including but not limited to affidavits . . . written admissions and the like." Practice Book § 380.

"Once the moving party has filed the appropriate documents, the party opposing the motion 'must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.' *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984); *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* [219 Conn. 772, 781, 595 A.2d 334 (1991)]. The mere presence 'of an alleged adverse claim is not sufficient to defeat a motion for summary judgment.' *Farrell* v. *Farrell,* 182 Conn. 34, 39, 438 A.2d 415 (1980). Rather, 'the defendant must recite specific facts . . . which contradict those stated in the plaintiff's affidavits and documents.' Id., 39–40."

*Cummings & Lockwood* v. *Gray,* supra. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384.

Here, the city's motion for summary judgment was based on the plaintiff's alleged failure to comply with the notice requirements of General Statutes § 13a-149. "General Statutes § 13a-149 requires that before a plaintiff may sue a municipality for damages for injuries suffered as a result of that municipality's failure to maintain its roads properly, that plaintiff must, within ninety days of the occurrence, provide written notice of the occurrence to a selectman or clerk of the municipality. Section 13a-149 also contains a saving clause that provides that notice given under the statute will not be invalidated because of inaccuracies in its content as long as there was no intent to mislead the municipality or the municipality is not in fact misled." *Giannitti* v. *Stamford,* 25 Conn. App. 67, 75, 593 A.2d 140, cert. denied, 220 Conn. 918, 597 A.2d 333 (1991). While the saving clause will excuse inaccuracies in the content of the notice, however, it will not excuse a complete absence of notice. *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401, 167 A. 826 (1933).

The trial court granted the motion for summary judgment on the basis of its determination that the plaintiff had failed to comply with the statutory notice provisions. The court further concluded that the saving clause was inapplicable as a matter of law because the notice in this case "failed completely" to describe the accident site. In its memorandum of decision on the motion for summary judgment, the trial court focused on a discrepancy between the description in the notice of the alleged nature and location of the defect and that included in the plaintiff's affidavit in opposition to the

motion for summary judgment. The notice recited that the plaintiff had tripped "on a raised sewer hole at the Stamford Railroad Station while [he] was exiting the Railroad Station on the Northbound side." The affidavit described the defect as a "raised manhole in the center of [South State] street." After examining the definition of the term "sewer hole" the trial court concluded that "[u]nder this indefinite description the city could have understood the notice to refer to a variety of places, e.g.: a catch basin, an open sanitary sewer, an open drainpipe, but not necessarily a 'raised manhole in the center of the street.'"

Our analysis of the notice reveals no basis for the trial court's conclusion that the notice was insufficient as a matter of law. Whether notice is sufficient is normally a question of fact for the jury. *Morico* v. *Cox*, 134 Conn. 218, 223–24, 56 A.2d 522 (1947). "The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading." *Sizer* v. *Waterbury*, 113 Conn. 145, 157–58, 154 A. 639 (1931). " 'The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently.' *Shaw* v. *Waterbury*, [46 Conn. 263, 266 (1878)]." Id., 156. Notice "is sufficient if it enables one of ordinary intelligence, using ordinary diligence *under the circumstances,* to ascertain where the injury occurred." (Emphasis in original.) Id., 158. The notice in this case stated that the plaintiff's injury occurred when he "tripped over a raised sewer hole at the Stamford Railroad Station on South State Street" as he "was exiting the Railroad Station on the Southbound side" and "going to the taxi stand . . . ." While the notice in this case could be more specific as to the precise location of the sewer hole over which the

plaintiff tripped, it is not so indefinite that no reasonable jury could find that, under the circumstances, it was adequate to identify the alleged defect for the city. The oblique assertion made by the city's attorney in his affidavit that "[t]he only facts necessary for determination of the instant motion for summary judgment can be gleaned from the examination of the court's file" is insufficient to demonstrate that the circumstances are such that the notice is inadequate. See, e.g., id., 158–59. Because the defendant failed to show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"; Practice Book § 384; the trial court improperly granted the motion for summary judgment.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.