[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The instant action is a suit by Westchester Fire Insurance Co., a surety on a public construction bond, against Stack, Inc., the principal, and Steven M. Stack, a guarantor. The bond was provided pursuant to General Statutes 49-41 in connection with a contract for the removal and replacement of underground tanks in which contract the parties are alleged by the plaintiff to be the Town of Stratford and Stack, Inc. The plaintiff paid Xerxes Corporation, a subcontractor on the job, and now seeks to recover such payment. Three theories of recovery, viz: an express indemnity agreement, unjust enrichment and subrogation are advanced in the complaint. The plaintiff claims entitlement to summary judgment on all three theories together with attorney's fees as permitted by the written indemnity agreement.
In response, the defendant claims that the party who contracted with the Town of Stratford was not Stack, Inc., but rather was Stack Contracting Services, Inc. The two corporations are alleged by affidavit to be separate and distinct, although the affiant, Steven M. Stack admits being president of both.
It is the defendants' claim that even though they signed an indemnity agreement, they are not liable to reimburse the plaintiff inasmuch as the bond to which the agreement relates defines a claimant as "one having a direct contract with the principal or with a subcontractor of the principal for labor, material or both. . ." The defendants reason that Xerxes Corporation could not have been a claimant of Stack, Inc., but only of Stack Contracting Services, Inc. who is not named in the bond and who is not a signatory to the indemnification agreement.
"The party seeking summary judgment bears the burden of showing the nonexistence of any material fact, which is any fact that will make a difference in the result of a case." Bassin v. Stamford, 26 Conn. App. 534, 537 (1992). In deciding whether a CT Page 4458 summary judgment should be ordered, the court must view the evidence in a light most favorable to the party opposing the motion. Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781 (1991). The test of whether a summary judgment should be ordered is whether the moving party would be entitled to a directed verdict on the same facts. Cummings Lockwood v. Gray, 26 Conn. App. 293, 297 (1991).
The function of the court in summary judgment proceedings is to determine whether any issues of material fact exist. Telesco v. Telesco, 187 Conn. 715, 718 (1982). If such issues are found to exist they cannot be decided on a motion for summary judgment. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). The statement in Steven M. Stack's affidavit that the corporation who contracted with the Town of Stratford is not a party in the case implicates, as a matter of fact, all three of the plaintiff's claims. For this reason, the motion for summary judgment must be denied.
BARNETT, J.