[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING MOTION FOR SUMMARY JUDGMENT FOR ALLEGED NON-COMPLIANCE WITH NOTICE PROVISION OF CONN. GEN. STAT. 7-465(a)
On May 16, 1991 the plaintiff Dawn Romano filed a one count revised complaint alleging that on December 31, 1988 she was shot by an individual named David Salemme, who was employed as a police officer by the City of Derby. The plaintiff claims serious and painful injuries from this incident. She further alleges that her injuries were caused by the negligence of defendants the City of Derby, Officer Philip Landonna, and Officer Richard Lucarelli, in that they failed to take any action against David Salemme, after having been told by him that he would kill the plaintiff if he found her. As a result, the plaintiff is seeking money damages.
Paragraph 15 of the revised complaint alleges that a notice of intention to sue was mailed to the town clerk of the City of Derby on October 23, 1989.
On November 4, 1992, the defendants filed a motion for summary judgment claiming that judgment should enter for the defendants on three grounds: (1) that the plaintiff did not provide the City of Derby with a timely notice of its intent to sue; (2) that Salemme perpetrated a criminal act thereby absolving the defendants of all liability; and (3) that the decision as to whether to act upon Salemme's alleged threat to the plaintiff, constitutes a discretionary act.
On December 7, 1992, the plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment. Appended to that memorandum is an affidavit in objection to the defendants' motion for summary judgment pursuant to Practice CT Page 1295 Book 380.
"`[A]ny party may move for summary judgment. . . .'" Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 4,513 A.2d 1218 (1986), quoting Practice Book 379. "The party seeking summary judgment bears the burden of showing the nonexistence of any material fact, which is any fact that will make a difference in the result of a case." Bassin v. Stamford, 26 Conn. App. 534, 537, 602 A.2d (1992). The "party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. (Citations omitted.)'" Cummings Lockwood v. Gray, 26 Conn. App. 293,297, 600 A.2d 1040 (1991), quoting Connecticut Bank 
Trust v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). "`The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id., 296-97, quoting Practice Book 384. see also Lees v. Middlesex Ins. Co., 219 Conn. 644 (1991).
The defendants argue in their memorandum in support of their motion for summary judgment that the plaintiff did not provide the City of Derby with notice of her intent to file suit until October 23, 1989. Defendants further argue that the filing of this notice was some ten months after the incident giving rise to the cause of action, and since this was not in compliance with the notice requirements of General Statutes7-465(a), municipal and employee liability is barred.
The plaintiff argues that the time limitation in7-465(a) should be extended due to the following circumstances: When first injured the plaintiff retained James Moyer as her attorney: before the time for giving notice had passed, Moyer became involved in some personal problems and was no longer permitted to practice law; by the time plaintiff acquired present counsel, in late September or early October of 1989, the time for filing notice with the town clerk had passed. CT Page 1296
General Statutes 7-465(a) states in pertinent part:
 No action for personal physical injuries . . . shall be maintained against such municipality and employee jointly unless . . . written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.
Our courts have most recently held that "[Section 7-465] requires the plaintiffs to provide notice of the intention to sue the municipality, specifying the time and location of the accident, with the clerk of the municipality within six months of the accrual of the cause of action." Santiago v. New Britain, 42 Conn. Sup. 22, 23, 598 A.2d 373 (1991, Wagner, J.). Furthermore, "[t]he filing of written notice in compliance with the statute is a condition precedent to the maintenance of a cause of action against the defendant town under Sections 7-465"; LeClaire v. Town of Vernon, 2 Conn. L. Rptr. 265, 266 (August 19, 1990, Potter, J.); and `[i]f no such notice is given. . . the municipality cannot be held jointly responsible. . ." Sanders v. Ansonia, 33 Conn. Sup. 195, 198, A.2d 1129 (Super.Ct. 1976).
 The purpose of a provision requiring statutory notice of a claim as a condition precedent to bringing an action for damages against the municipality is to give the officers of the municipality such information as will enable them to make a timely investigation of the claim and to determine the existence and extent of liability.
Fraser v. Henninger, 173 Conn. 52, 55, 376 A.2d 406 (1977).
In the present case the cause of action accrued on or about December 31, 1988 when the plaintiff was shot by David Salemme. A notice of intention to sue was not mailed to the town clerk of the City of Derby until October 23, 1989. Inasmuch as Conn. Gen. Stat. Sec. 7-465 prohibits legal action against a municipality and its employees jointly for personal injury or damages absent the giving of the prerequisite notice, and the plaintiff did not provide the defendants with a notice of intent to sue CT Page 1297 within six months after the cause of action accrued, the defendants' motion for summary judgment is granted as to Sec. 7-465.[1]
It should be noted that the plaintiff argues that summary judgment should not be granted as to paragraph 8.j. of the revised complaint because this paragraph directly alleges negligence against the City for continuing to employ Salemme, despite its knowledge that he posed a danger to the plaintiff, and therefore, no notice is required.
The supreme court has held that "separate causes of action must be pleaded in separate counts of a complaint." (Emphasis added). Falby v. Zarembski, 211 Conn. 14, 24,602 A.2d 1 (1992). See Practice Book 138; see also Burns v. Koellmer, 11 Conn. App. 375, 387, 527 A.2d 1210 (1987) ("when causes of action . . . are separate and distinct . . . separate counts are necessary or indeed ordinarily desirable.") Nevertheless, a reading of the affidavit filed by the plaintiff and of the affidavits filed by the defendants discloses genuine issues of material facts concerning the negligence claim against the municipality, as this claim is set out in paragraph 8 of the Revised complaint. Accordingly, judgment as to the negligence claim in paragraph 8 is denied.
Clarance J. Jones, Judge