[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT CT Page 1640
Plaintiff Dolores Willoughby, as Administratrix of the estate of her late husband Andrew Willoughby, has filed a revised complaint against defendants Doctors Valentine J. and Nancy T. Deduk. The first count of the revised complaint alleges that Andrew Willoughby died as a result of Dr. Valentine Deduk's failure to treat him with a polyvalent pneumococcal polysaccharided vaccine after Willoughby was admitted to Griffin Hospital suffering from S. Pneumonia. The plaintiff alleges that her late husband had been a patient of Dr. Valentine Deduk's from 1970 until his death in 1985 and that when he first became a patient he informed Dr. Deduk that he was missing a spleen as a result of an incident that took place in 1968. The plaintiff further alleges that Dr. Deduk's failure to administer this vaccine, knowing that Willoughby was missing a spleen, constituted negligence.
The second count of the revised complaint alleges that Dr. Nancy T. Deduk practices medicine with her husband Dr. Valentine Deduk, and that the deceased was also a patient of hers., The plaintiff further alleges negligence on the part of Dr. Nancy Deduk under the same set of facts listed in the first count of the revised complaint.
As a result of the aforementioned the plaintiff is claiming money damages.
Defendant Nancy Deduk, M.D., has filed a motion for summary judgment pursuant to Practice Book Sections 204 and 379, on the grounds that there exists no genuine issue as to any material fact in the plaintiff's revised complaint. The defendant also filed an accompanying memorandum of law together with supporting depositions.
Defendant Nancy Deduk argues that Andrew, Willoughby was never a patient in her practice and that she had absolutely no contact with Willoughby until she admitted him to Griffin Hospital in 1985. The defendant further argues that based on CT Page 1641 these grounds, her motion for summary judgment should be granted.
"`[A]ny party may move for summary judgment. . . .'" Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 4,513 A.2d 1218 (1986), quoting Practice Book Section 379. "The party seeking summary judgment bears the burden of showing the nonexistence of any material fact, which is any fact that will make a difference in the result of a case." Bassin v. Stamford, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). The "party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317, 477 A.2d 1005 (1984). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. (Citation omitted.)'" Cummings Lockwood v. Gray,26 Conn. App. 293, 297, 600 A.2d 1040 (1991), quoting Connecticut Bank Trust v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). If there is no issue as to any material fact "`judgment shall be rendered forthwith [in favor of] . . . the moving party. . . .'" Bassin v. Stamford, supra, 538, quoting Practice Book Section 384.
The defendant argues in her memorandum of law that the second count of the plaintiff's revised complaint does not contain allegations that Dr. Nancy Deduk was negligent in her care and treatment of Andrew Willoughby during his final hospitalization; it merely limits her alleged negligence to the preadmission failure to vaccinate. "The defendant further argues that if she did not treat or care for Willoughby prior to his final hospitalization, then the plaintiff's claim against her must fail. As support for that position the defendant appends to her memorandum of law the depositions of Drs. Nancy and Valentine Deduk and John Heller.
The "[e]stablishment of the causal relationship between a defendant's actions or failure to act and a plaintiff's injuries requires a showing that the action or omission must have been a substantial factor in producing those injuries." Mather v. Griffin Hospital, 207 Conn. 125, 130-31, 540 A.2d 666
(1988). "`Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and CT Page 1642 he is given the benefit of all favorable inferences that can be drawn. (Citation omitted.)'" Catz v. Rubenstein, 201 Conn. 39,49, 513 A.2d 98 (1986), quoting Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516, 391 A.2d 157
(1978). Furthermore, "`[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Fogarty v. Rashaw, 193 Conn. 442,446, 476, A.2d 582 (1984), quoting Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194, 199, 319 A.2d 403 (1972).
Plaintiff's Revised Complaint clearly alleges that Dr. Nancy Deduk had knowledge of Andrew Willoughby's missing spleen prior to admission to the hospital and that she was negligent in her pre-admission medical care. the only "evidence" proffered by defendant Nancy Deduk in support of her motion is the aforesaid deposition testimony. As articulated in Esposito v. Wethered,4 Conn. App. 641 (1985);
 The primary purpose of a deposition . . . is discovery. . . . A response to a question propounded in a deposition is not a judicial admission. General Statutes 52-200. At trial, in open court, the testimony of [the defendant] may contradict her earlier statement and, a question for the jury to decide may then emerge.
Esposito, supra at 645.
For the foregoing reasons, the motion for summary judgment is denied.
Clarance J. Jones, Judge