[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint in this action alleges that the plaintiff, Diana Fragomeni, was injured when the vehicle she was operating on Country Club Road in Middletown collided with a telephone pole after contacting a patch of ice on that road. The defendant, City of Middletown, has moved to strike the complaint because 1) the complaint does not make reference to Connecticut General Statutes § 13a-149, which is the plaintiff's exclusive remedy for her alleged injuries and 2) the statutory notice provided to the defendant is defective.
In Steele v. Stonington, 225 Conn. 217, 622 A.2d 551 (1993), CT Page 4939 the Court addressed the first issue raised by the defendant. InSteele the trial court granted summary judgment in favor of the defendant municipality on the grounds that the complaint for injuries sustained as a result of an alleged defective roadway did not mention § 13a-149, and was grounded in negligence, rather than the exclusive statutory remedy. The Supreme Court reversed, and stated:
 We agree with the trial court and the defendant that, pursuant to the Tort Reform Act of 1986, "an action under the highway defect statute, 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person or property by means of a defective road or bridge.'" Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991). We disagree, however, with the defendant's argument that the plaintiff's claim must be construed as a negligence claim rather than a claim pursuant to 13a-149. Indeed, although the cause of action under 13a-149 is predicated upon a defective highway, we have long held that the municipality's liability under the statute resembles liability for negligence. See, e.g., Bacon v. Rocky Hill, 126 Conn. 402, 404, 11 A.2d 399 (1940); Frechette v. New Haven, 104 Conn. 83, 87-90, 132 A. 467 (1926). If a difference does exist between an action predicated on the municipal highway defect statute and negligence, that difference, except for the requirement that the plaintiff act with due care, is paper thin.
225 Conn. at.
The Court in Steele made it clear that it would not countenance a hypertechnical application of its holding in Sanzone
and analyzed the plaintiff's complaint, in conjunction with other pleadings, in light of the requirements for establishing liability under § 13a-149 set forth in Rodriguez v. New Haven, 183 Conn. 473,476, 439 A.2d 421 (1981):
 the plaintiff ha[s] the burden of proving (1) the existence of a defect which resulted from the failure of the defendant to use reasonable care to keep the . . . [highways] within its control in a reasonably safe condition for public travel; (2) notice, either actual or constructive, to the defendant of the defect; and (3) the CT Page 4940 exercise by him of due care."
The Court in Steele held that even though the complaint failed to allege that the action was brought pursuant to § 13a-149, alleged that the defendant was negligent, and mistakenly referred to Connecticut General Statutes § 7-465, it was sufficient to satisfy the Rodriguez requirements and, therefore, stated a cause of action under § 13a-149.
The complaint in this case does not make reference to § 13a-149. Instead, it alleges that the City of Middletown is responsible for the maintenance of all public roads in the city and was obligated to maintain the roads in reasonably safe condition pursuant to Connecticut General Statutes § 13a-99. The complaint, while grounded in negligence, does satisfy the three-pronged test of Rodriguez. It alleges a defect in the highway which resulted from the defendant's failure to use reasonable care to keep the highway in a reasonably safe condition, that the defect "had existed for a sufficient period of time so that the defendant knew or should have known" of its presence and that the plaintiff was in exercise of due care.
The complaint does state a claim for violation of § 13a-149
under the rationale of Steele such that it cannot be stricken. However, the defendant should not be made to continue to defend against the hybrid allegations of the complaint. The plaintiff has acknowledged in her Memorandum in Opposition to Motion to Strike that her exclusive remedy is under § 13a-149, and that she intended that the complaint set forth a cause of action under that statute. Therefore, the plaintiff should amend the complaint to more clearly allege a claim under § 13a-149.
The second ground of the Motion to Strike is that the statutory notice sent by the plaintiff to the defendant is insufficient as a matter of law. Section 13a-149 provides:
 Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk CT Page 4941 of such city or borough. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby.
In Pratt v. Old Saybrook, 225 Conn. 177, 621 A.2d 1322 (1993), the Court construed a notice in an action brought pursuant to § 13a-149 and pointed out that "`[T]he notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time [and date], and (e) the place thereof.' Marinov. East Haven, 120 Conn. 577, 579, 182 A. 225 (1935)." The notice in this case provides, in pertinent part:
 The accident occurred on February 14, 1993 at approximately 9:37 p.m. on said Country Club Road and near its intersection with Middle Street.
 My client's motor vehicle accident and resulting injuries were caused by icy road conditions as result of faulty drainage which overflowed onto the road, causing her to skid out of control and hit a tree.
 As a result of the accident, my client suffered injuries to her neck and back.
In Bassin v. Stamford, 26 Conn. App. 534, 602 A.2d 1044 (1992) the Court reversed a summary judgment granted by the trial court. The summary judgment was based on the plaintiff's failure to satisfy the notice provisions of § 13a-149. The trial court found that the notice was insufficient because there was a discrepancy between the description of the nature and location of the defect in the notice and the affidavit filed by the plaintiff in opposition to the Motion for Summary Judgment. The notice recited that the plaintiff had tripped "on a raised sewer hole at the Stamford Railroad Station while [he] was exiting the Railroad Station on the Northbound side." The affidavit described the defect as a "raised manhole in the center of [South State] street." After examining the definition of the term "sewer hole" the trial court concluded that "[u]nder this indefinite description the city could have understood the notice to refer to a variety of places, e.g.: a catch basin, an open sanitary sewer, an open drainpipe, but not necessarily a CT Page 4942 `raised manhole in the center of the street.'"
The Appellate Court did not agree with the trial court's analysis and did not find that the notice was insufficient as a matter of law. The following is a portion of the Court's analysis in reversing the summary judgment granted by the trial court in favor of the city:
 Our analysis of the notice reveals no basis for the trial court's conclusion that the notice was insufficient as a matter of law. Whether notice is sufficient is normally a question of fact for the jury. Morico v. Cox, 134 Conn. 218, 223-24, 56 A.2d 522 (1947). "The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading." Sizer v. Waterbury, 113 Conn. 145, 157-58, 154 A. 639 (1931). "`The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently.' Shaw v. Waterbury, [46 Conn. 263, 266
(1878)]." Id., 156. Notice "is sufficient if it enables one of ordinary intelligence, using ordinary diligence under the circumstances, to ascertain where the injury occurred." (Emphasis in original.) Id., 158. The notice in this case stated that the plaintiff's injury occurred when he "tripped over a raised sewer hole at the Stamford Railroad Station on South State Street" as he "was exiting the Railroad Station on the Southbound side" and "going to the taxi stand. . . ." While the notice in this case could be more specific as to the precise location of the sewer hole over which the plaintiff tripped, it is not so indefinite that no reasonable jury could find that, under the circumstances, it was adequate to identify the alleged defect for the city.
26 Conn. App. at 539-540.
The Motion to Strike the complaint based on the allegedly defective notice must be denied because the notice contains the five elements required under Pratt v. Old Saybrook, supra. The sufficiency of one or more of those elements is an issue of fact for the jury. Moreover, "No notice given under the provisions of CT Page 4943 this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." § 13a-149. Obviously the issues of whether or not there was any intention to mislead the City of Middletown or whether or not the City was in fact misled are factual issues and are not properly addressed in the context of a motion to strike. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
For the reasons set forth above the Motion to Strike the, complaint is denied and it is hereby
ORDERED that the plaintiff amend her complaint forthwith to more properly allege a cause of action under § 13a-149.
By the Court,
Aurigemma, J.