[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT CITY OF MERIDEN'S MOTION FORSUMMARY JUDGMENT (No. 118)
The plaintiff, Susanne Service, alleges that while walking on Morse Street in Meriden at or near its intersection with Woodland Ridge, she was caused to fall because of "the dangerous and defective condition of the street". More particularly, she claims that the cause of her fall was an uncovered water main which the defendant City of Meriden failed to exercise reasonable care in inspecting and repairing. The plaintiff further alleges that she CT Page 1323-EEEE sent the City notice[1], pursuant to § 13a-149, said notice stating the place of the injury as "the intersection of Morse Street and Woodland Ridge." The defendant filed this motion for summary judgment, alleging that the intersection described in the plaintiff's notice does not exist and that this defect in the notice prevented the defendant from investigating the claim. The defendant has filed affidavits and an accompanying memorandum of law in support, and the plaintiff has filed her objection along with counteraffidavits and a memorandum of law in opposition.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 745, 660 A.2d 810
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994); Miller v. United TechnologiesCorp., supra, 233 Conn. 744. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted.).New Milford Savings Bank v. Roina, 38 Conn. App. 240, 244,659 A.2d 1226 (1995); Suarez v. Dickmont Plastics Corp., supra,229 Conn. 105.
The defendant alleges that the notice supplied by the plaintiff was insufficient to comply with § 13a-149. Section13a-149 requires, in relevant part:
 "Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, CT Page 1323-FFFF corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation."
The plaintiff's notice stated the place of the injury as "the intersection of Morse Street and Woodland Ridge." The defendant alleges, by way of affidavits and certified engineering maps, that the plaintiff has named a nonexistent intersection.[2]
Further, as a result of the failure of the notice, the defendant alleges it was unable to properly investigate and was misled and/or prejudiced.
The plaintiff, on the other hand, asserts that the notice gave sufficient notice to the City of the location of the defect. In the alternative, the plaintiff argues that even if the name of the street on which the plaintiff claims to have been injured is in fact incorrect, there was no intent to mislead the City.
"The giving of such a notice [pursuant to § 13a-149] as the statute requires is a condition precedent to the maintenance of the action, the obligation to comply with the statute rests upon the plaintiff . . ." Nicholaus v. Bridgeport, 117 Conn. 398,401, 167 A. 826 (1933).
§ 13a-149 contains a saving clause which states:
 "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." (Emphasis added.).
As it is now clear that the intersection described in the plaintiff's notice does not in fact exist, the issue is whether the plaintiff's notice is nonetheless sufficient to bring her within the saving clause.
In Giannitti v. City of Stamford, 25 Conn. App. 67, 75,593 A.2d 140 (1991) the Appellate Court specifically addressed the use of the word "or" in § 13a-149's saving clause. In Giannitti the plaintiff fell on a public sidewalk and sustained a CT Page 1323-GGGG broken ankle. The plaintiff sent a timely notice to the City. The defendant argued the notice was defective, although the opinion does not specify in what manner the notice was alleged to be defective. Instead, the court addressed the saving clause and the word "or". The court stated the word "or" in the statute should be read in the disjunctive.
 "In this case, the statute is clear in its use of the word `or.' When the defendant's counsel conceded that any flaw in the notice was not made with the intent to mislead, it was he and not the court who removed the issue from the case and allowed the notice to be saved because it met one of the requirements of the savings clause." Id., 76-77.
 Giannitti also quoted from Shapiro v. Hartford, 4 Conn. App. 315,317-18, 494 A.2d 590, cert. denied, 197 Conn. 810,499 A.2d 61 (1985). In Shapiro the Appellate Court stated: "[W]e applied the word `or,' as it is used in the savings clause of 13a-149, to allow for it to be read in the disjunctive requiring proof of either the intent to mislead or the fact that the city was misled. It is well settled that when interpreting a statute we are limited to the intention expressed in the words in the words used by the legislature." Id., 77.
Finally, in Cyr v. Kosman, 14 C. L. Rptr. 388 (June 8, 1995, Sheldon, J.), Judge Sheldon addressed the difference between § 13a-144 and § 13a-149 by stating: "In ruling on a motion to dismiss due to inadequate notice under Section 13a-144, the courts have not inquired as to whether the commissioner was in fact misled or whether the notice was intended to mislead . . . Such an inquiry is only proper under statutes such as General Statutes 13a-149, which contain savings clauses . . ."
Thus, once the plaintiff has presented credible evidence that there was no intent to mislead, the plaintiff's notice would still be valid even if the defendant was in fact misled. The plaintiff has submitted an affidavit which states that on the day after the accident, the plaintiff's husband contacted the Meriden Public Works Department and reported the missing water-main cover. Further, the plaintiff alleges she was under the impression that the streets named in the notice were accurate, based on a map distributed at the City Clerk's Office, and that she was not aware of the inaccuracy until the City pointed it out to her. CT Page 1323-HHHH
The City has not contradicted these assertions. It argues instead that irrespective of the plaintiff's intent, it was in fact misled by the notice and thus the notice should fail.
The court must construe notices pursuant to § 13a-149
liberally. Pratt v. Old Saybrook, 225 Conn. 177, 183,621 A.2d 1322 (1993) ("[The saving] clause demonstrates that the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff."), and cases cited therein. "The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading. . . . `The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently.' . . . Notice `is sufficient if it enables one of ordinary intelligence, using ordinary diligence under the circumstances, to ascertain where the injury occurred.'" (Emphasis in original, internal citations omitted.) Bassin v.Stamford, 26 Conn. App. 534, 539, 602 A.2d 1044 (1992). InBassin, the court ruled that the notice was not invalid as a matter of law[3] and "[w]hether notice is sufficient is normally a question of fact for the jury." Id., 539.
The defendant alleges, generally, that where the notice is inaccurate, it can be saved by the saving clause, but where the notice fails totally, as it allegedly does in this case, the cause of action must fail entirely. However, in Marino v. EastHaven, 120 Conn. 577, 579, 182 A. 225 (1935), the court stated: "The purpose of these notices is that of furnishing the recipients with such available information as is essential to assist them in self-protection." (Internal quotations omitted.). Accepting plaintiffs' claim in the light most favorable to them, material questions of fact remain about whether the plaintiff's naming of a nonexistent intersection was intended to mislead the City, and, consequently, about whether the plaintiffs' notice comes within the saving clause of § 13a-149. Furthermore, in light of all the affidavits, there exists a material question of fact as to whether the City could have been misled by the notice.
In conclusion, the plaintiff has provided notice as required under § 13a-149. The plaintiff's failure to identify accurately the place of the injury does not require the finding that the notice is insufficient as a matter of law. Having CT Page 1323-IIII concluded that the incorrect intersection was not given to the defendant with the intent to mislead it, the court finds that the City is not entitled to judgment as a matter of law.
For all of the above reasons, the City of Meriden's motion for summary judgment is hereby denied.
Jonathan E. Silbert, Judge