[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 6, 1997
I. Summary of the Facts and Procedural History:
The allegations contained in the plaintiff's complaint filed September 25, 1996, set forth the following facts: John Labieniec (hereinafter the "plaintiff") is the owner of property located at 60 Hampton Street in New Britain, Connecticut. The City of New Britain (hereinafter the "City" or the "defendant") is a municipality charged by statute with responsibility for maintaining sewers, water, storm drains and related services. On divers days beginning in 1991, during and after heavy precipitation, water has flowed from Allen Street into the plaintiff s backyard. The plaintiff alleges that the flow has damaged the trees, lawn and buildings on his property. According to the plaintiff, the defendant's storm drains and related CT Page 6972 systems failed to adequately manage the flow of rain and snow water. He claims that the City failed to exercise due care under the circumstances to remove water, snow and ice from Allen Street or to otherwise warn of the dangerous conditions thereby created.
The defendant argues in its Memorandum of Law in Support of Motion to Strike that the complaint fails to state a claim upon which relief may be granted for the reason that the City cannot be held liable to a property owner for waters that flow naturally onto his land from a road surface and that the plaintiff failed to provide notice "as required by Section 7-465 of the Connecticut General Statutes." The plaintiff responds that the defendant is liable for the water that flows from its roadway onto his property and that the City received adequate notice. For the following reasons, the court holds that the defendant has not satisfied its burden on the motion to strike and that, therefore, the motion is denied.
II. Motion to Strike, generally
The purpose of the motion to strike is to test the legal sufficiency of a pleading. R.K. Constructors Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint;" Waters v. Autori, 236 Conn. 820, 825, 676 A.2d 357
(1996), and "the grounds specified in the motion." Meredith v.Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980). The facts in the complaint must be construed most favorably to the plaintiff. Waters v. Autori, supra, 236 Conn. 825. Facts that are necessarily implied by the allegations in a complaint will be deemed sufficiently pleaded and, therefore, need not be expressly alleged. Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied" Waters v. Autori,supra, 236 Conn. 826.
1. General Statutes § 7-465
As a threshold matter, the defendant's argument that the plaintiff failed to provide notice as required by C.G.S. §7-465 is unavailing. The defendant has cited no law that brings the plaintiff's action within the scope of that statute and the court has found no authority to support the defendant's statement of the law. Section 7-465 pertains to "joint liability." "The statute. . . . [removes] the defense of governmental immunity in CT Page 6973 a negligence action against the municipality and its negligent employee where, under the statutory provisions, suit is instituted jointly against both after a proper written notice . . . ." (Citation omitted.) Mickey Sanders v. City ofAnsonia, 33 Conn. Sup. 195, 198, 369 A.2d 1129 (1976). It "provides for a joint action against a municipality and a negligent employee." Id. 199. "The prime purpose of the act is to abolish the defense of governmental immunity in actions based on the negligence of municipal employees and to make a municipality liable for the negligent acts or omissions of its employees." Id.
200. The plaintiff has not alleged that the City and an employee are jointly liable to him. His claim is directed exclusively at the City pursuant to statutory duties further set forth in the Revised Complaint. That being the case, the notice requirement of C.G.S. § 7-465 does not apply to this plaintiff and the defendant's argument on that ground must fail.
2. General Statutes § 13a-138
The complaint does not expressly allege that the plaintiff's claim relies on General Statutes § 13a-138 for authority, nor, however, does the plaintiff dispute the statute's applicability. Rather, the plaintiff argues in his Memorandum in Opposition to the Motion to Strike that his damage falls within the scope of that statute. The court therefore treats the statute as applicable. General Statutes § 13a-138 states
Highways may be drained into private lands.
 (a) Persons authorized to construct or to repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water and, when it is necessary to make any drain upon or through any person's land for the purpose named in this section, it shall be done in such way as to do the least damage to such land.
 (b) Nothing in this section shall be so construed as to allow the drainage of water from such highways into, upon, through or under the yard of any dwelling house, or into or upon yards and enclosures used exclusively for the storage and sale of goods and merchandise.
CT Page 6974
The statute applies "only to situations in which a drain or watercourse has been artificially created and [is] inapplicable where surface water flows naturally from the highway. . . ."Postemski v. Watrous, 151 Conn. 183, 188, 195 A.2d 425 (1963). The issue before this court is whether the plaintiff has pleaded sufficient facts to warrant invocation of the statute. The court holds that he has.
"The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow, recovery. . . ." (Citations omitted; bracket omitted.) NormandJosef Enterprises v. Connecticut National Bank, 230 Conn. 486,496, 646 A.2d 1289 (1994). Facts that are necessarily implied by the allegations in a complaint will be deemed sufficiently pleaded and, therefore, need not be expressly alleged. Bouchardv. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). The plaintiff alleges that the municipality had a duty to maintain sewers, water, storm drains and related services. He further alleges that "water . . . enters the premises because the storm drains and related systems are inadequate. . . ." Viewing the facts most favorably to the pleader, as the court must for purposes of this motion; Waters v. Autori, supra 236 Conn. 825; the court implies the fact that the storm drains and related systems alleged by the plaintiff are artificial as contemplated by the court in Postemski v. Watrous, supra. Since, if proven, the facts alleged and those necessarily implied, would support a cause of action, accordingly, the motion to strike is denied.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT