[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#111)
The plaintiff Yale-New Haven Hospital, Inc., filed a complaint on November 12, 1999, alleging in a single count that the defendant Jerry Rispoli participated in the fraudulent transfer of real property located at 123 Henry Street, Greenwich, Connecticut, with his daughter Kym Valle[1] without consideration in violation of the Uniform Fraudulent Transfer Act, General Statutes § 52-552a et seq., in order to hinder, delay or defraud the plaintiff. The plaintiff alleges that on January 30, 1996 and January 7, 1999, the plaintiff obtained two separate judgments against Kym Valle in the amounts of $20,809.24 and $9,042.12, respectively, plus interests and costs. The plaintiff also alleges that the defendant participated in the fraudulent transfer in order to place the Henry Street property beyond the reach of the legal process in connection with the plaintiff's claims. The plaintiff further alleges that the defendant is an "insider" as defined in General Statutes § 52-552b and as used in General Statutes § 52-552e. On April 17, 2000, the defendant filed his revised answer denying, inter alia, that the transfer constituted a direct violation of General Statutes § 52-552a et seq. CT Page 15578
On July 11, 2000, the plaintiff filed a motion for summary judgment on the ground that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. As required by Practice Book § 17-44 et seq., the plaintiff attached a memorandum of law in support of its motion for summary judgment.[2] The plaintiff argues that the conveyance was per se fraudulent pursuant to General Statutes § 52-552f because Kym Valle transferred her interest in the Henry Street property to her father, the defendant, after an obligation with the plaintiff had arisen. The plaintiff argues that summary judgment should be granted because there is no question of material fact surrounding this conveyance. On August 18, 2000, the defendant filed an objection to plaintiff's F motion for summary judgment and attached a memorandum of law and an affidavit in support of his objection. The affidavit of facts dated October 22, 1996, is the sworn statement of Kym Valle. The affidavit states that Kym Valle and her mother, Lucille A. Rispoli, were owners of the Henry Street property as tenants in common and that Kym Valle did not contribute any equity with regard to the acquisition of property. In addition, the affidavit states that Kym Valle surrendered any right, title and interest in such equity to her mother in the event of foreclosure, sale or disposition of said property. In his objection, the defendant argues that summary judgment should be entered for the defendant because Kym Valle had no equity interest in the Henry Street property and thus "there is no question that the transfer was not fraudulent." In the alternative, the defendant argues that summary judgment is inappropriate because "the question of the `reasonably equivalent value' received raised by the existence of the affidavit is a question of material fact [which] will make a difference in the result of the case."
"[S]ummary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is appropriate only if a fair and reasonable person could conclude only one way." (Internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 751-52, 660 A.2d 810
(1995). "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id., 752. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Id., 751-52 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty, CT Page 15579235 Conn. 185, 202, 663 A.2d 1001 (1995). "To satisfy this [initial] burden, the moving party must offer such documents as may be appropriate, including but not limited to affidavits . . . written admissions and the like." (Internal quotation marks omitted.) Bassin v.Stamford, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992).
The plaintiff argues that it is entitled to summary judgment because the Henry Street "property was fraudulently transferred to an insider with intent to avoid payment of the debt owed to the plaintiff." According to the plaintiff's argument, the transfer was made in violation of the Uniform Fraudulent Transfer Act, General Statutes § 52-552a et seq. The defendant relies on General Statutes § 52-552f, which provides "(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation. (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time and the insider had reasonable cause to believe that the debtor was insolvent. When the debtor is an individual, General Statutes § 52-552b (7)(i) defines an insider as "a relative of the debtor or of a general partner of the debtor." "A debtor is insolvent if the sum of the debtor's debts is greater than all the debtor's assets at a fair valuation." General Statutes § 52-552c (a).
The plaintiff has failed to meet its burden under Home Ins. Co. v.Aetna Life Casualty, supra, 235 Conn. 202, and Bassin v. Stamford, supra, 26 Conn. App. 537, in that it failed to show "the nonexistence of any material fact", with respect to whether Kym Valle was insolvent and whether the defendant had reasonable cause to believe she was insolvent, which is a fact that will make a difference in the result of this case.
Furthermore, the plaintiff argues that General Statutes § 52-552f
"provides for certain fact patterns which if present evidence per se
fraudulent conveyance. The statute provides as follows: if the claim against the land arose before the transfer or, if the transfer was made without receiving a reasonably equivalent value in exchange and the debtor was insolvent at the time of the transfer and, the transferor who was an insider had reasonable cause to believe that the debtor was insolvent at the time of the transfer, then the transfer can be presumed
to have been made to defraud creditors." (Emphasis added.) (Plaintiff's Memorandum pp. 5-6.) This argument misstates the law. "Whether the conveyance in question was fraudulent is purely a question of fact." CT Page 15580Tyers v. Coma, 214 Conn. 8, 11, 570 A.2d 186 (1990); Picataggio v.Romeo, 36 Conn. App. 791, 793, 654 A.2d 382 (1995); see also Zapolsky v.Sacks, 191 Conn. 194, 200, 464 A.2d 30 (1983); J. Frederick ScholesAgency v. Mitchell, 191 Conn. 353, 358, 464 A.2d 795 (1983); Davenportv. Quinn, 53 Conn. App. 282, 303, 730 A.2d 1184 (1999). "Fraudulent intent must be proved, if at all, by clear, precise and unequivocal evidence." (Internal quotation marks omitted.) Tyers v. Coma, supra, 11;Picataggio v. Romeo, supra, 793-4; see also J. Frederick Scholes Agencyv. Mitchell, supra, 358; Davenport v. Quinn, supra, 303. In the present case, the plaintiff has failed to produce any documentary evidence at all. In fact, the plaintiff did not even produce a copy of the alleged conveyance and the defendant, in his answer to the complaint, denies the allegation that Kym Valle transferred her interest and title to and in the Henry Street property to the defendant. Therefore, there are genuine issues of material fact regarding the question of whether a fraudulent conveyance took place and that question is one for the trier of fact and not a question of law. Accordingly, the plaintiff's motion for summary judgment is hereby denied.
HICKEY, J.