Masoud **FARZAD**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 86–4133.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1987.

**1072**

Brian K. Bates, Eugenio Cazorla, Dallas, Tex., for petitioner.

David J. Kline, Thomas W. Hussey, Attys., Allen W. Hausman, Madelyn E. Johnson, Asst. Directors, Robert L. Bombough, Director, Office of Immigration Litigation, Civil Div., Washington, D.C., for respondent.

Ronald Chandler, Dallas, Tex., David Lambert, New Orleans, La, Dist. Directors, I.N.S., for other interested parties.

Before CLARK, Chief Judge, GARWOOD, and HILL, Circuit Judges.

PER CURIAM:

Masoud Farzad asserts that we applied an overly restrictive standard of proof in reviewing the denial of his application for asylum and suspension of deportation. We disagree. He also asserts that this court failed to act on his request for reinstatement of voluntary departure. Farzad contends that this court can and should reinstate the period of voluntary departure granted him by the Board of Immigration Appeals. He correctly notes that we did not rule on the request.

It is not necessary in this case to reach the issue of whether this court agrees with the Ninth Circuit that we lack the authority to grant voluntary departure relief. *See Contreras-Aragon v. I.N.S.*, 789 F.2d 777 (9th Cir.1986). Farzad waited twenty-nine of the thirty days allowed him for voluntary departure before initiating the present appeal. While the Board faced confusing court precedent in the area involved, it did not fail to make a clearly correct ruling in Farzad's case. There is no legal or equitable persuasion for this court to augment the administrative remedy already available to Farzad of applying to the district director to grant an extension of voluntary departure. Our mention of this procedure should not be read to intimate any view on the outcome of such an application.

Farzad cites *Matter of Chouliaris*, 16 I & N Dec. 168 (BIA 1977), in which the Board of Immigration Appeals reinstated an alien's voluntary departure. The Board has delegated to it the authority of the Attorney General. *See* 8 C.F.R. § 3.1(d); *cf.* 8 C.F.R. § 3.1(b)(2). Therefore, *Chouliaris* is no authority for determining whether the judiciary may reinstate voluntary departure.

The petition for rehearing is denied and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.