Florentin
**UMANZOR–ALVARADO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.**

**No. 89–1550.**

United States Court of Appeals,
First Circuit.

Heard Dec. 5, 1989.
Decided Feb. 15, 1990.

Lory D. Rosenberg with whom Law Office of Lory D. Rosenberg, John Willshire, and Cambridge–Somerville Legal Services were on brief for petitioner.

Maureen O'Sullivan, Jeremiah Friedman, Harvey Kaplan, and Law Office of Harvey Kaplan, were on brief for American Immigration Lawyers Ass'n and Nat. Immigration Project of the Nat. Lawyers Guild, amici curiae.

Alice M. Smith, with whom Stuart E. Schiffer, Acting Asst. Atty. Gen., Lauri Steven Filppu, Deputy Director, Dept. of Justice, Civ. Div., Office of Immigration Litigation, were on brief for respondent.

Before BOWNES, BREYER and SELYA, Circuit Judges.

BREYER, Circuit Judge.

The petitioner, Florentin Umanzor Alvarado, a native of El Salvador, seeks asylum under a statute that would allow the Attorney General to permit him to stay here if he has "a well-founded fear of persecution on account of [his] ... political opinion." 8 U.S.C. § 1101(a)(42)(A) (defining "refugee"); 8 U.S.C. § 1158(a) (giving Attorney General *discretion* to grant asylum to otherwise deportable alien who qualifies as refugee). *Cf.* 8 U.S.C. § 1253(h); *INS v. Cardoza–Fonseca,* 480 U.S. 421, 423, 429, 107 S.Ct. 1207, 1209, 1211, 94 L.Ed.2d 434 (1987) (withholding of deportation to specific country is *mandatory* if persecution is "more likely than not"). The Board of Immigration Appeals, after reviewing *de novo* the record of Umanzor's immigration hearing, concluded that he had not shown that "a reasonable person in his circumstances would fear persecution" because of his political opinion. *See Guevara–Flores v. INS,* 786 F.2d 1242, 1249 (5th Cir.1986), *cert. denied,* 480 U.S. 930, 107 S.Ct. 1565, 94 L.Ed.2d 757 (1987); *Matter of Mogharrabi,* Interim Decision 3028 (BIA 1987). For that reason, he lacked a "well-founded fear of [such] persecution;" hence he fell outside the scope of the Attorney General's discretionary "asylum" powers; and, the Board denied his request.

Umanzor appeals. He claims that the Board made a legal mistake in failing to recognize that he reasonably feared persecution based upon his "neutrality," a "political opinion" within the meaning of the relevant statutes. *See Bolanos–Hernandez v. INS,* 767 F.2d 1277, 1282 (9th Cir. 1984). We disagree.

If Umanzor means, by his claim, that the Board refused to recognize the possibility that "neutrality" could constitute a "political opinion" within the meaning of the statute, he is wrong. The Board assumed that possibility; but it went on to say that an alien must nonetheless show "that he has articulated and affirmatively made a decision to remain neutral, and that he has received a threat or could be singled out for persecution because of his neutrality opinion." It simply found that petitioner had failed to make such a showing.

If Umanzor means that the evidence is insufficient to support the Board's findings, he is also wrong. Given the respect that we must show to the Board's fact finding and to its application of statutory language to the facts of a particular case, we cannot say that the Board's findings are unlawful. *See Cardoza–Fonseca,* 480 U.S. at 448, 107 S.Ct. at 1221; *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951) (applying "substantial evidence" standard of review to agency decision).

■ Umanzor points to evidence in the record tending to show that he is a pacifist, that he does not want to serve in the Army in El Salvador, and that the government has forcibly conscripted youth into the Army against their will, sometimes through harsh methods, such as kidnapping and threats of violence. Insofar as this evidence shows that the Government may punish him simply because he will not serve in the Army, however, it does not show that the Government will *persecute* him because of his *political opinion. See, e.g., Kaveh–Haghigy v. INS,* 783 F.2d 1321, 1323 (9th Cir.1986) (per curiam). *See also M.A. A26851062 v. INS,* No. 88–3004, slip op. at 19 (4th Cir. Mar. 27, 1990) (en banc). Similarly, insofar as the evidence tends to show that the guerrillas would "persecute" him if he were in the Army, the evidence suffers the same defect.

■ The matter might well be different were Umanzor able to show that compelled military service would violate genuine pacifist beliefs. *Cf. Arteaga v. INS,* 836 F.2d 1227, 1232 (9th Cir.1988). But here his argument founders on the Board's statement that it did "not find as credible the respondent's professed stance of pacifism." Since he testified that he "wanted to go to the military school," that he "wanted to be an officer," that he "would have remained if they had permitted [him] to become an officer," that an officer simply "orders his subordinate to go fight" and does not fight himself, the

Board's findings in this respect have adequate record support. That being so, the Board could lawfully find, as a matter of fact, that Umanzor had not shown a "reasonable possibility" of persecution because of a "political opinion;" which is to say that he did not show a "well-founded fear" of such persecution within the terms of 8 U.S.C. § 1101(a)(42)(A). *A fortiori*, the Board could find that petitioner had failed to show that such persecution was "more likely than not," and thus he fell outside the scope of 8 U.S.C. § 1253(h) mandating withholding of deportation.

The petitioner asks us, in the event of denial, to reinstate the period of voluntary departure that the Board granted him. The INS opposes his request, but solely on the ground that its regulations require him to ask the district director for any extension of a grant of voluntary departure. *See* 8 C.F.R. § 244.2; *Farzad v. INS*, 808 F.2d 1071, 1072 (5th Cir.1987) (per curiam). We note that petitioner's appeal on the merits, while ultimately unsuccessful, was neither obviously meritless nor apparently interposed solely for purposes of delay. We also note that the circuit courts that have considered the matter have either held or strongly suggested that the law would forbid the government to deny a reinstatement *solely* because an alien brought such a good faith, potentially successful appeal. *See Contreras–Aragon v. INS*, 852 F.2d 1088, 1093–95 (9th Cir.1988); cf. *Ballenilla–Gonzalez v. INS*, 546 F.2d 515, 521 (2d Cir.1976), *cert. denied*, 434 U.S. 819, 98 S.Ct. 58, 54 L.Ed.2d 75 (1977). And, finally, we note that the government does *not* suggest it will present the district director with any other reason for refusing the reinstatement. Under these circumstances, to require the petitioner to apply to the district director to pass upon the matter would be pointless, for the director could not lawfully refuse the reinstatement. We see nothing in the law that requires us to waste time and resources or that deprives us of the legal power to order the legally appropriate remedy—a remedy already granted by the Board. At least, the government points to no such principle. *Cf.* 5 U.S.C. § 706 ("The reviewing court shall ... compel agency action unlawfully withheld....")

We therefore deny the petition for review and direct the government to treat the voluntary departure period as beginning to run on the date this court's mandate becomes effective.

*So ordered.*