In re CARTER HILL ASSOCIATES, Debtor.

CARTER HILL ASSOCIATES, Plaintiff,

v.

TOWN OF CLINTON, Defendant.

Bankruptcy No. 95–30923.
Adv. No. 95–3030.

United States Bankruptcy Court,
D. Connecticut.

Oct. 24, 1995.

Juda Epstein, Bridgeport, CT, for Plaintiff.

Raymond Baribeault, Jr., Suisman, Shapiro, Wool, Brennan & Gray, P.C., New London, CT, for Defendant.

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

ALBERT S. DABROWSKI, Bankruptcy Judge.

**I. INTRODUCTION**

In this matter the defendant, Town of Clinton (hereinafter, the "Defendant" or

"Town"), seeks the dismissal of the instant adversary proceeding on the basis of the Plaintiff's admitted failure to comply with the terms of Connecticut General Statutes (hereinafter, "C.G.S.") §§ 7–465(a) and 7–101a(d) which, it is argued, required the filing of a notice of intent to sue with the Defendant's Town Clerk within six (6) months of the accrual of the subject causes of action. Because the cited Connecticut statutes are inapplicable to the Plaintiff's causes of action as presently pled, the Defendant's Motion to Dismiss (hereinafter, "Defendant's Motion") is denied.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant contested matter and underlying adversary proceeding by virtue of 28 U.S.C. § 1334(b). This matter is a proceeding "related to a case under title 11", *see In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 114 (2d Cir.1992), which this Court may hear and determine pursuant to 28 U.S.C. § 157(c)(2).[1]

## III. BACKGROUND

On April 30, 1991, the Plaintiff filed a Petition in this Court, commencing a case under Chapter 11 of the Bankruptcy Code. On July 24, 1991, the Plaintiff commenced the instant adversary proceeding against the Town, as the sole defendant, through the filing of a complaint (hereinafter, the "Complaint").

The Complaint alleges that on January 25, 1989, the Plaintiff and the Defendant entered into a contract (hereinafter, the "Contract") which granted the Defendant, its agents or employees access to certain real property located in the Town of Clinton and used by the Plaintiff for its operation of an enterprise named "Camp Hadar" (hereinafter, the "Property"). The stated purpose of the Contract was the performance of soil engineering tests to aid the Defendant's investigation of the Property as a possible school site. The Plaintiff alleges that the Contract provided the Defendant with access to the Property only through April 1, 1989, and that the Defendant agreed to return the Property to its original condition after testing. The Plaintiff further alleges that the Defendant damaged the Property through said testing and did not repair the damage, thus preventing the Plaintiff from opening Camp Hadar for the Summer of 1989.

As amended,[2] the Complaint states six counts which aver the following putative state law causes of action against the Town:

(1) that the Town breached the Contract by failing to repair damage to the Property caused by the soil testing;

(2) that the Town breached an implied duty of good faith and fair dealing in connection with the Contract;

(3) that the Town trespassed, by continuing to enter onto the Property beyond the term of the Contract;

(4) that the Town violated C.G.S. § 52–560, by causing physical damage to real property;

(5) that the Town conspired with Plaintiff's mortgagee, Saybrook Bank and Trust Co., to purchase the Property after foreclosure; and

(6) that the Town engaged in unfair trade practices in violation of C.G.S. § 42–110b(a).

By way of relief, in connection with each count of the Complaint the Plaintiff (1) appears to pray for a monetary judgment and (2) requests an order directing that the Defendant's "[t]ax lien be transferred to the

---

1. On September 17, 1992, and on September 21, 1992, the Plaintiff and the Defendant, respectively, filed notices indicating their consent to this Court's entry of a final order on the Defendant's Motion.

2. On October 15, 1991, the Plaintiff commenced a second adversary proceeding against the defendant alleging the same facts as in the instant adversary proceeding, but seeking to equitably subordinate the Defendant's tax claim pursuant to 11 U.S.C. § 510(c). On January 27, 1992, that second adversary proceeding was dismissed by stipulation between the parties pursuant to Fed.R.Civ.P. 41(a)(1)(ii). Said stipulation expressly granted the Plaintiff the right to amend its complaint in the instant adversary proceeding. *See* Fed.R.Civ.P. 15(a). On December 17, 1991, the Plaintiff filed an amended complaint in this adversary proceeding.

[bankruptcy] estate." The Complaint does not request relief under, or for that matter, even make explicit reference to, C.G.S. §§ 7–101a and/or 7–465(a). The Complaint seeks no relief against any Town employee(s); and, in fact, its allegations aver no specific conduct on the part of such employees.

## IV. DISCUSSION

The Court reads Defendant's Motion as requesting the dismissal of this adversary proceeding on the alternative grounds of (1) failure to state a claim upon which relief can be granted and (2) lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1), (6), made applicable to this adversary proceeding by Fed.R.Bank.P. 7012.

As noted above, the District Court clearly enjoys subject matter jurisdiction over this matter as a bankruptcy-related proceeding, which, absent constitutional infirmity, would preempt C.G.S. §§ 7–101a(d) and 7–465(a) vis-a-vis such jurisdiction. Accordingly, the Court summarily rejects the Defendant's challenge to subject matter jurisdiction; and the balance of this memorandum opinion considers the merits of Defendant's Motion only under its assertion that the Complaint fails to state a claim upon which relief can be granted.[3]

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) essentially tests the legal sufficiency of a plaintiff's complaint. Under that Rule, a court must accept the allegations of the challenged complaint as true. *E.g., Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). A court should dismiss under Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Cohen v. Koenig*, 25 F.3d 1168, 1171 (2d Cir.1994).

In this case, the Plaintiff's Complaint does not allege that it filed a "notice of claim" pursuant to C.G.S. §§ 7–101a(d) and/or 7–465(a); and its actual failure to file such notice is undisputed. Therefore, if the filing of such notice of claim is an element of any of the causes of action pursued by the Plaintiff in this adversary proceeding, such causes of action should be dismissed.

### A. Applicability of the Notice of Claim Statutes.

Notice of claim statutes similar to C.G.S. §§ 7–465 and 7–101a have been held to comprise state substantive law, and thus must be followed by federal courts deciding actions based upon state law.[4] *E.g., Felder v. Casey*, 487 U.S. 131, 151, 108 S.Ct. 2302, 2313–14, 101 L.Ed.2d 123 (1987); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109, 65

---

**3.** The Defendant has filed the affidavit of its Town Clerk (hereinafter, the "Affidavit") in support of its Motion. The submission of such material arguably compels consideration of Defendant's Motion as a motion for summary judgment. Fed.R.Civ.P. 12(b); *General Motors Corporation v. Bristol Industries Corporation (In re Bristol Industries Corporation)*, 690 F.2d 26, 28 (2d Cir.1982). Fed.R.Civ.P. 56(c) provides that summary judgment shall enter "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The Defendant argues that its Motion need not be considered under summary judgment standards since, it claims, compliance with C.G.S. §§ 7–101a(d) and 7–465(a) is an element of Plaintiff's cause(s) of action, and, therefore, had to be pled affirmatively in the Complaint. Under this argument, the Town Clerk's Affidavit was superfluous in light of the Plaintiff's failure to so plead. Because of the nature of the disposition of this matter, and the fact that the Plaintiff does not dispute that it failed or declined to give notice of its claims under C.G.S. §§ 7–101a(d) and 7–465(a), this matter is resolved by the Court purely upon a *legal* analysis of whether C.G.S. §§ 7–101a(d) and/or 7–465(a) are applicable to the claims asserted by the Plaintiff in the underlying adversary proceeding. Upon the present record, such analysis will produce the same result under Rule 12(b) dismissal or Rule 56 summary judgment standards. For that reason, the Court will exclude the Affidavit from consideration, *see* Fed.R.Civ.P. 12(b); and this memorandum opinion proceeds to discuss this matter under Rule 12(b)(6) dismissal standards only.

**4.** Even if the Plaintiff's prayers for relief are construed as claims for equitable subordination under 11 U.S.C. § 510(c), thereby creating a set of federal causes of action parallel to the explicitly stated state law causes, it is of no moment to this ruling since the Court knows of no applicable federally-based notice of claim requirement, and none has been cited by the Defendant.

S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945) (the law affecting the determination of a state law action tried in a federal court should be the same as it would be in the state court); *Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 911 (7th Cir.1985) (state notice of claim statute applied by federal court in state law cause of action). Accordingly, the Court must determine if, under state law, C.G.S. §§ 7–465(a) and 7–101a(d) present applicable preconditions to the assertion of any of the Complaint's causes of action against the Town.

## B. Scope of the Notice of Claim Statutes.

Conn.Gen.Stat.Ann. § 7–465(a) provides, in relevant part, that:

> [a]ny town ... shall pay on behalf of any employee of such municipality ... all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages award-ed ... for physical damages to person or property ... if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty.... *No action for ... damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefore arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action accrued.*

(emphasis supplied).

Conn.Gen.Stat.Ann. § 7–101a, provides, in relevant part, that:

> (a) Each municipality shall protect and save harmless any municipal officer ... of any board, committee, council, agency or commission, ... or any municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties.

> (b) In addition to the protection provided under subsection (a) of this section, each municipality shall protect and save harmless any such municipal officer or municipal employee from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such officer or employee by reason of alleged malicious, wanton or wilful act or ultra vires act, on the part of such officer or employee while acting in the discharge of his duties. In the event such officer or employee has a judgment entered against him for a malicious, wanton or wilful act in a court of law, such municipality shall be reimbursed by such officer or employee for expenses it incurred in providing such defense and shall not be held liable to such officer and employee for any financial loss or expense resulting from such act.

> \* \* \* \* \* \*

> (d) *No action shall be maintained under this section against such municipality or employee unless such action is commenced within two years after the cause of action therefore arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.*

(emphasis supplied).

■ Under Connecticut law, compliance with the notice of claim provisions of these statutes is a precondition for asserting a claim against a municipality for the indemnification of its employees. *Fraser v. Henninger,* 173 Conn. 52, 56, 376 A.2d 406 (1977) (construing C.G.S. § 7–465). Thus the resolution of the instant matter turns upon the nature of the suit brought by the Plaintiff. If it seeks to determine the liability of Town

employees in the first instance, and thereupon recover from the Town via its statutory assumption of liability, the notice of claim provisions of C.G.S. §§ 7–465(a) and/or 7–101a(d) are applicable. *See Kaye v. Town of Manchester,* 20 Conn.App. 439, 568 A.2d 459, 461 (1990) ("... in order to comport with § 7–465 [a plaintiff's complaint] must have necessarily claimed liability on the part of [a town employee] ... individually and indemnity therefor by his municipal employer").

Conversely, if a plaintiff's complaint seeks to hold a municipality *directly* liable in its own right *for its own acts or omissions,* then such a suit is not one which implicates C.G.S. §§ 7–465(a) and/or 7–101a; and consequently, the notice of claim provisions thereof are inapplicable. *See, e.g., Sanders v. City of Ansonia,* 33 Conn.Supp. 195, 369 A.2d 1129 (Superior Court, New Haven Co.1976) ("Nothing in § 7–465 leads the court to believe that the statute provides a ... totally exclusive method of suing a city...."); *Jabs v. Town of Burlington,* 23 Conn.Supp. 158, 178 A.2d 280 (Superior Court, Hartford Co.1962) ("[§ 7–465] not injected into the complaint and therefore is not applicable."); *cf. Orticelli v. Powers,* 197 Conn. 9, 13–14, 495 A.2d 1023 (1985) ("A plain reading of the whole statute indicates that the limitation and notice provisions of § 7–101a(d) are applicable only to actions for [officer or employee] indemnification maintained under § 7–101a(a) and to an action for reimbursement of defense expenses pursuant to § 7–101a(b)."). The Complaint in this adversary proceeding falls squarely into this latter category.

Nothing in the Complaint implicates C.G.S. §§ 7–465(a) and/or 7–101a. The Town of Clinton is the sole defendant; all of the Plaintiff's allegations are directed to the Town's conduct; and no Town employee actions or omissions are even mentioned. Accordingly, the Plaintiff's failure to allege the filing of a "notice of claim" within the meaning of C.G.S. §§ 7–465(a) and/or 7–101a(d) does not cause its Complaint to fail to state a claim upon which relief can be granted.

## V. CONCLUSION

Because the scope of C.G.S. §§ 7–465(a) and 7–101a does not reach the present formulation of the Plaintiff's Complaint, the Town of Clinton's Motion to Dismiss should be, and is by separate Order, DENIED.