Charles E. Smith, Jr. v. Mary Maynes  CV-96-067-M   05/15/96
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Charles E. Smith, Jr.,
            Appellant and Debtor,

     v.                                    Civil No. 96-67-M

Mary E. Maynes,
            Appellee.



                          O R D E R

        The bankruptcy court (Yacos, J.) granted summary

judgment in favor of appellee, Mary E. Maynes, holding that a

$5000 debt owed to her by the appellant, Charles E. Smith, was

not dischargeable in bankruptcy.  For the reasons discussed

below, the bankruptcy court's decision is affirmed.


I.    STANDARD OF REVIEW

     This court reviews de novo a bankruptcy court's order

granting summary judgment under Bankruptcy Rule 7056.  Piccicuto

v. Dwyer, 39 F.3d 37, 40 (1st Cir. 1994).  The district court is

obligated to independently determine whether the record supports

the legal conclusion that no genuine issues of material fact

exist for trial and whether, in light of the facts, the

prevailing party is indeed entitled to judgment as a matter of

law.  The record is to be read, and all reasonable inferences are

to be drawn, in favor of the party opposing summary judgment.

Piccicuto, 39 F.3d at 40; In re Varrasso, 37 F.3d 760, 763 (1st

Cir. 1994).  Having carefully considered the record and the

parties' briefs on appeal, the court is convinced that the bankruptcy court's decision is correct under the prevailing law.

## II. DISCUSSION

Consistent with the standard of review outlined above, the facts relied upon herein are taken from the record and read in a light most favorable to the appellant.

### A. Factual and Procedural Background

The parties live next to one another and share a common property line. On April 18, 1993, appellant was cutting brush and other vegetation along the common border and strayed over the line onto appellee's property. Appellee saw him and informed him that he was on her land. After some discussion, appellee gave appellant permission to continue cutting <u>dead</u> trees and debris on her land. Later, appellee noticed that appellant had cut down a balsam fir tree that was alive and about sixteen feet tall. The fir was on appellee's land. Apparently a heated discussion ensued, and a local police officer was called to the scene. Appellee subsequently brought suit against appellant in the Lebanon, New Hampshire, District Court alleging that he had unlawfully cut down a number of live trees on her property without permission and in violation of the state timber trespass

statute.

The case was tried to Judge Thomas A. Rappa, Jr., who issued written findings on September 13, 1993. Judge Rappa determined, in relevant part:

> 12. The Court finds that, even though it may be obvious to a trained arborist, after the fact, that both the cherry tree and the numerous hardwood saplings in dispute were live trees when cut, the plaintiff [appellee] has not met her burden of proof with respect to that aspect of her claim. In other words, with respect to those trees she has not shown the defendant [appellant] willfully acted beyond the scope of his understanding of their agreement.
>
> 13. Specifically, the Court finds the[re] is sufficient ambiguity with respect to the scope of the understanding between the parties to deny the plaintiff recovery based on the defendant's position that he thought he had permission to cut those trees.
>
> 14. However, when it comes to the Balsam fir the defendant [appellant] cannot benefit from the same ambiguity. Unlike the deciduous trees, the fir was unquestionably alive, even to the grossest amateur forester. As such the plaintiff is entitled to recover damages pursuant to the statute.

Maynes v. Smith, No. 93-CV-00035, slip op. at 3 (Lebanon Dist. Ct., N.H. Sept. 13, 1993) (emphasis added).

The state statute at issue in the state litigation, N.H. Rev. Stat. Ann. ("RSA") § 539:1 (Supp. 1994) provides:

3

> No person shall willfully and unlawfully cut,
> fell, destroy, injure or carry away any tree
> . . . which is on the land of another person,
> . . . without the permission of that person
> or his agent.

The statute further provides for the payment of damages to the injured landowner in the amount of 10 times the market value of every tree so cut. RSA 539:3-a. The New Hampshire Supreme Court has interpreted the statute as imposing liability only for knowing violations: "To subject a party to the penalty provisions of RSA 539:1 (Supp. 1979) [the substantively identical predecessor statute], it must appear that the act was done knowingly and wilfully and not through accident or mistake." Hynes v. Whitehouse, 120 N.H. 417, 420 (1980); see also Morrill v. Webb, 123 N.H. 276 (1983).

Based on the prior adjudication in state court, the bankruptcy court determined that appellant was collaterally estopped from denying in his bankruptcy proceeding that his act in cutting down the balsam fir was "willful and malicious" within the meaning of 11 U.S.C. § 523(a)(6). Under section 523(a)(6), an individual debtor is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Giving preclusive effect to the state court judgment, the bankruptcy court determined that

4

appellant's debt to appellee did arise from his willful and malicious injury to appellee's property and, thus, was not dischargeable.

### B.    Malicious Conduct

On appeal, appellant challenges the bankruptcy court's construction of the term "malicious" as used in 11 U.S.C. § 523(a)(6).  He suggests that because a genuine issue of material fact does exist - that is, whether his cutting was "malicious" within the meaning of the bankruptcy code -  summary judgment should not have been entered.  Appellant does not contest the fact that the state court previously determined that he cut down appellee's fir tree, or that he intended to cut it down, or that he acted "willfully" within the meaning of section 523(a)(6).  He only denies that the state court judgment necessarily determined that his action was also "malicious" as that term is used in section 523(a)(6).

Reviewing de novo the bankruptcy court's legal determination regarding the preclusive effect of the prior state court judgment, this court agrees that the state court's decision constitutes a preclusive finding that appellant's act was "willful and malicious" within the meaning of section 523(a)(6).

5

In his brief, appellant argues that the state court's finding that he cut the tree knowingly and willfully should not have been accorded any preclusive effect as to the "malicious" element of section 523(a). A finding of knowing and willful destruction of property, he contends, does not constitute a finding of malicious destruction of property within the meaning of the bankruptcy code. (Appellant Reply Br. at 1.)

Citing In re Tinkham, 59 B.R. 209, 217 (Bankr. D.N.H. 1986), appellant asserts that proper construction of the term "malicious" requires appellee to show, or the state court to have found, that his cutting was a "deliberate act[] which he knew [was] certain or substantially certain to result in injury to property." Id. While a great deal has been written about the correct construction of the term "malicious" as used in section 523(a)(6),[1] the definition proposed by the bankruptcy court in

_____

[1] The Court of Appeals for the First Circuit has "not yet passed on this difficult and controversial issue." Piccicuto v. Dwyer, 39 F.3d 37, 41 n.3 (1st Cir. 1994). Nine other circuits have considered the issue, with varying results. See, e.g., In re Printy, 188 B.R. 61, 71 n.5 (Bankr. D. Mass. 1995) (collecting cases)("[T]here is no consensus as to whether the statute requires an intentional act that results in injury or an act committed with the intention of causing injury. [citations omitted] Indeed, among those courts that require an intentional act that results in injury there is disagreement as to whether the wrongful act must almost certainly produce harm or whether a high probability of causing harm suffices."). But, in this case, whether one construes the term "malicious" to cover wrongful acts

6

<u>Tinkham</u> and argued by the appellant is both appropriate and well within the bounds of reasonable statutory construction. Under that construction, which requires the appellant's conduct to be deliberate and substantially certain to result in injury to property, it is clear that the state court judgment constitutes a finding of "malicious" conduct under 11 U.S.C. § 523(a)(6).

In the state litigation, the court unquestionably determined that:

1. Appellant was on appellee's land;

2. He intentionally cut down a balsam fir tree on her land knowing the tree belonged to her;

3. He knew the fir tree was alive and knew that he did not have the appellee's permission to cut it; and

4. He cut the fir tree knowingly, willfully, and unlawfully within the meaning of RSA 539:1. <u>See</u> <u>Hynes</u>, 120 N.H. at 420.

Appellant cannot seriously argue that under those facts, already determined against him in the prior litigation, he did not act deliberately or did not know that his act was certain or

_____

done with intent to injure, or wrongful acts that will almost certainly produce injury, or wrongful acts that have a high probability of causing injury, appellant's conduct, as found by the state court in the prior civil litigation, qualifies as "malicious" within the meaning of section 523(a)(6).

7

substantially certain to result in injury to appellee's property.

Appellant counters that "it would be entirely consistent with [the state court's] judgment that [appellant] negligently, but in good faith, believed the tree in question was on his own property; or negligently, but in good faith believed the tree in question to be dead. In short, the state court did not need to reach the critical question of `malice,' and by all accounts did not reach it." (Appellant Reply Br. at 4.) But the state court judgment is entirely inconsistent with such postulates. Simple negligent timber trespass is not sufficient to establish liability under RSA 539:1 and RSA 539:3-a. Hynes, 120 N.H. at 420. In finding appellant liable, the state court necessarily determined that appellant knew he was on the land of another, knew he was cutting a tree belonging to someone else, and knew (because the tree was undeniably alive) that he did not have the landowner's permission to do so, but nevertheless went ahead and intentionally destroyed the property. While not specifically declared to be "malicious" by the state court, the conduct found by the state court does, as a matter of law, constitute malicious conduct within the meaning of that term as it is used in 11 U.S.C. § 523(a)(6).

## III. CONCLUSION

Because the findings of the state court constitute a finding that appellant acted willfully and maliciously within the meaning of 11 U.S.C. § 523(a)(6), and because those findings must be given preclusive effect in appellant's bankruptcy proceeding, the $5000 debt owed by appellant to appellee is not dischargeable as a matter of law. Accordingly, the Order of the bankruptcy court granting summary judgment in favor of appellee is hereby affirmed.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

May 15, 1995

cc:  William E. Connor, Esq.
     Donald C. Koury, Esq.
     Victor W. Dahar, Jr., Esq.

9