United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-60014
Summary Calendar

DIANA MERCEDES GUTIERREZ DE PINERES;
MELISSA SCHMULSON GUTIERREZ DE PINERES;
JOYCE SCHMULSON GUTIERREZ DE PINERES;
LESLIE C. SCHMULSON GUTIERREZ DE PINERES,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A78 585 304)
(BIA No. A78 585 303)
(BIA No. A78 585 302)
(BIA No. A78 585 301)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioners challenge the Board of Immigration Appeals'
(BIA's) final order of removal on two grounds. The first ground is
predicated on the BIA's summary affirmance of the Immigration Judge
(IJ) under the BIA's streamlining regulation. The second ground

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

challenges the IJ's findings with respect to their asylum applications. In addition, subsequent to the completion of briefing on the petition, petitioners moved this court to reinstate their voluntary departure.

Petitioners first claim is precluded by *Soadjede v. Ashcroft*, 324 F.3d 830 (5th Cir. 2003). *Soadjede* held that a former version of the streamlining regulation (8 C.F.R. § 3.1(a)(7)) did not violate due process. 324 F.3d at 832-33. In the present case, the BIA affirmed the IJ on the basis of a materially identical streamlining regulation found at 8 C.F.R. § 3.1(e)(4). (*Albathani v. INS*, 318 F.3d 365, 376 n.7 (1st Cir. 2003), recognized that 3.1(a)(7) had been "restructured" as 3.1(e)(4).)

When the BIA issues a streamlined affirmance, we review the IJ's decision. *See Soadjede*, 324 F.3d at 832. Petitioners' second claim appears to be that there was not substantial evidence to support each of several determinations made by the IJ with respect to their asylum claim. We will uphold the IJ's factual determinations if they are supported by substantial evidence. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Petitioners claim they are eligible for asylum based on persecution on account of political opinion. The IJ's determination that petitioners were persecuted for financial reasons instead of political opinion is supported by sufficient evidence.

2

Petitioners' claim that the IJ impermissibly required them to disprove the existence of other motives behind their persecution is also incorrect. The IJ found there was no evidence that the persecution was motivated by political opinion; consequently, there is no indication that the IJ erroneously required petitioners to exclude all other possible motivations other than the statutory factors. *See* ***Ontunez-Tursios v. Ashcroft***, 303 F.3d 341, 350 (5th Cir. 2002).

Regarding petitioners' claim that their persecution was based on membership in a particular social group, there is no evidence in the record that would support a finding that they were persecuted "on account of" membership in that group, as is required. *See* ***id.*** at 352-53. Therefore the IJ's decision to reject the claim is supported.

Petitioners challenge the IJ's determination that the Colombian Government can control the Ejercito de Liberacion Nacional (ELN) and, therefore, that the family's relocation within Colombia is feasible. The IJ, however, did not base the relocation determination on a finding that the Colombian Government could control the ELN. Instead, the IJ found that the Colombian government was not the source of their persecution. Where an asylum applicant has failed to establish that a national government is responsible for the persecution, she has the burden of establishing that relocation is not reasonable in the

3

circumstances. *See* **Lopez-Gomez**, 263 F.3d at 445. The record supports the IJ's determination that petitioners failed to do so.

The final issue is petitioners' post-briefing motion to reinstate voluntary departure. We have never decided we have the power to do so. *See* **Faddoul v. INS**, 37 F.3d 185, 192 (5th Cir. 1994); **Farzad v. INS**, 808 F.2d 1071, 1072 (5th Cir. 1987). Petitioners never requested voluntary departure from the BIA; they did not present the request in their brief; the Petition for Review was filed on the 28th day of the 30-day departure period; a request to an immigration official for extension of voluntary departure was both made and denied after the period had expired. In these circumstances, we decline to consider the question. **Faddoul**, 37 F.3d at 192-93.

*DENIED*

4