# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-60148
Summary Calendar

JUAN CHAVEZ-ARROYO; IRENE LECHUGA-GUTIERREZ

Petitioners

v.

ERIC H HOLDER, JR, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A78 985 608; A78 985 609

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:*

Juan Chavez-Arroyo (Chavez) and Irene Lechuga-Gutierrez (Lechuga), natives and citizens of Mexico, seek a petition for review of the order of the Board of Immigration Appeals (BIA) denying their applications for cancellation of removal pursuant to 8 U.S.C. § 1229b. They argue that the BIA violated their due process rights by not sufficiently considering testimony that their son would suffer extreme hardship if they are removed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We generally review only the BIA's decision except to the extent that the decision of the immigration judge (IJ) influences the BIA. *Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). With respect to the determination that Chavez and Lechuga failed to demonstrate that their son would suffer an "exceptional and extremely unusual hardship" as required under § 1229b, we lack jurisdiction to review this purely discretionary decision. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). We reject Chavez's and Lechuga's attempt to recast what amounts to a disagreement with the weighing and consideration of the relevant factors by the IJ as a constitutional or legal issue. *See Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006).

Because the petitioners did not initiate a request for voluntary departure until after the BIA's grant of voluntary departure had expired, we decline to grant their request and need not consider whether this court even has the authority to extend an expired grant of voluntary departure. *See Faddoul v. INS*, 37 F.3d 185, 192 (5th Cir. 1994); *Farzad v. INS*, 808 F.2d 1071, 1072 (5th Cir. 1987); *Compare Bocova v. Gonzales*, 412 F.3d 257, 266 (1st Cir. 2005).

DISMISSED FOR LACK OF JURISDICTION.