NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )
                                    )    BAP No. CC-10-1524-PaMkAl
AXIUM INTERNATIONAL, INC.,          )
                                    )    Bk. No. 2:08-10277-BB
             Debtor.                )
_____)
                                    )
MAHA VISCONTI,                      )
                                    )
             Appellant,             )
                                    )
v.                                  )    **M E M O R A N D U M**[1]
                                    )
HOWARD M. EHRENBERG,                )
Chapter 7 Trustee; FEDERAL          )
INSURANCE COMPANY,                  )
                                    )
             Appellees.             )
_____)

Argued and Submitted on July 22, 2011,
at Pasadena, California

Filed - October 7, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant did not appear.  Marsha A. Houston of
                Reed Smith LLP argued for Appellee Howard
                Ehrenberg.  Michelle Kisloff, Esq. of Hogan
                Lovells US LLP argued for Appellee Federal
                Insurance Company.
                _____

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

1

Before: PAPPAS, MARKELL and ALLEY,[2] Bankruptcy Judges.

Appellant Maha Visconti ("Visconti") appeals the bankruptcy court's order denying her motion for extension of time to file an appeal.  We AFFIRM.

**FACTS**

Debtors Axium International, Inc., and Diversity MSP, Inc., filed chapter 7[3] petitions on January 8 and January 9, 2008, respectively.[4]  Howard M. Ehrenberg ("Trustee") was appointed chapter 7 trustee.

On September 24, 2010, Trustee filed a motion to approve a settlement agreement which, in part, authorized the sale of certain insurance policies.  Visconti vigorously opposed Trustee's motion.  In addition to filing a brief in opposition, both she and her counsel filed declarations and amended declarations opposing the motion, and Visconti also filed a request for judicial notice of certain documents in opposition to the motion.  The motion came before the bankruptcy court for a hearing on October 20, 2010, at which Visconti appeared through counsel.

---

[2]  The Honorable Frank R. Alley, Chief United States Bankruptcy Judge for the District of Oregon, sitting by designation.

[3]  Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[4]  The two bankruptcy cases were ordered jointly administered on January 18, 2008.

2

On October 25, 2010, the bankruptcy court granted Trustee's motion ("Sale Order"). That same day, Visconti filed a pleading which the bankruptcy court treated as a motion to reconsider the order approving the settlement agreement and sale. Visconti's motion to reconsider was denied without a hearing on November 15, 2010 in an order (the "Reconsideration Denial Order") which observed:

> (1) the Motion [for Reconsideration] is not supported by a declaration signed under penalty of perjury; (2) the Motion is not based on any new facts or new law not considered by the Court in ruling upon the Trustee's motion for approval of his compromise with Federal Insurance Company (the "Compromise Motion"); (3) the Motion fails to provide any showing of cause for the court to reconsider, vacate, modify or evaluate any ruling made in connection with the Compromise Motion[.]

The clerk's notice of service attached to the order indicates that it was served on Visconti's counsel by mail.[5]

On December 7, 2010, Visconti filed a motion seeking an extension of time to appeal the Reconsideration Denial Order ("Extension Motion"). The Extension Motion states, in its entirety: "Maha Visconti requests an Extension of Time to appeal the Order Entered November 15, 2010 denying Motion of Maha Visconti filed on October 25, 2010. Maha Visconti was not informed of the Ruling and did not become aware of such ruling until November 30, 2010." Trustee filed an opposition to the motion, arguing that it lacked any basis in law or fact.

---

[5] Visconti appealed the Reconsideration Denial Order. Another panel ordered that the appeal be suspended pending the outcome of this appeal. BAP Appeal No. CC-10-1492, Order dated February 18, 2011.

3

Interested party Federal Insurance Company joined in Trustee's opposition. On December 16, 2010, the bankruptcy court entered an order denying the Extension Motion, finding that it was not supported by any evidence that would constitute a showing of excusable neglect as required by the applicable Bankruptcy Rules (the "Extension Denial Order"):

> The Extension Motion is not supported by a declaration under penalty of perjury and therefore offers no evidence whatsoever that could qualify as a showing of excusable neglect. The motion asserts merely, without any supporting evidence, that "Maha Visconti was not informed of the Ruling and did not become aware of such ruling [i.e., the reconsideration order] until November 30, 2010."

The Extension Denial Order also contains an insightful footnote:

> It is interesting to note that the Extension Motion states merely that Maha Visconti was not informed of the Ruling and did not become aware of it until November 30, 2010. The Extension Motion does not reveal whether Ms. Visconti's attorney of record, Hieu Do, whose name appears on the notice of entry and whose knowledge is imputed to Ms. Visconti, was aware of the ruling before November 30, 2010.

On December 28, 2010, Visconti filed a timely appeal of the bankruptcy court's Extension Denial Order.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and § 157(A) and (O). We have jurisdiction pursuant to 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in denying Visconti's motion to extend time to appeal.

**STANDARD OF REVIEW**

A bankruptcy court's denial of a motion for an extension of

4

time in which to file a notice of appeal is reviewed for an abuse of discretion. Nugent v. Betacom of Phoenix, Inc. (In re Betacom of Phoenix, Inc.), 250 B.R. 376, 379 (9th Cir. BAP 2000) (citing Nat'l Indus., Inc. v. Republic Nat'l Life Ins. Co., 677 F.2d 1258, 1264 (9th Cir. 1982)).

In applying the abuse of discretion standard, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the correct legal rule was applied, we then consider whether its "application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id. Only in the event that one of these three apply are we then able to find that the bankruptcy court abused its discretion. Id.

**DISCUSSION**

The filing of a timely notice of appeal is mandatory and jurisdictional. Delaney v. Alexander (In re Delaney), 29 F.3d 516, 518 (9th Cir. 1994); Key Bar Invs., Inc. v. Cahn (In re Cahn), 188 B.R. 627, 630 (9th Cir. BAP 1995) (citing Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 264 (1978)). Rule 8002(a) provides that, in a bankruptcy case, a notice of appeal "shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." However, under some circumstances, an extension of that 14-day period may be obtained from the bankruptcy court via subsection (c) of Rule 8002, which provides:

A request to extend the time for filing a notice of

5

> appeal must be made by written motion filed before the time for filing a notice of appeal has expired, <u>except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect</u>. An extension of time for filing a notice of appeal may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later.

Rule 8002(c)(2) (emphasis added).

Visconti has not complied with Rule 8002(c). Under its terms, she either needed to file a notice of appeal within fourteen days of the entry of the Denial Order, or she needed to file a motion to extend time in which to file the appeal within that period. She did neither.

Rule 8002(c) does allow a motion to extend time to be filed within the twenty-one days after the initial fourteen-day appeal period has expired. However, the Rule requires that a showing of excusable neglect be made to support the tardy filing. Visconti has made no such showing. Indeed, Visconti's cryptic Extension Motion did not even allege the existence of excusable neglect. That motion instead merely represented that Visconti did not timely appeal because she was not informed of the entry of the bankruptcy court's order until November 30, 2010. The Extension Motion was not accompanied by a sworn declaration. It makes no mention of whether, or when, her attorney became aware of the Reconsideration Denial Order,[6] nor does it allege that she or her

---

[6] Like the bankruptcy court, the Panel deems it significant that the Extension Motion makes no reference to when Visconti's attorney became aware of the Reconsideration Denial Order. Under Rule 9022(a), notice of entry of an order is served on the

(continued...)

attorney were somehow excusably neglectful in their actions or omissions. Therefore, the bankruptcy court did not abuse its discretion in declining to grant Visconti an extension of time to appeal.

To determine whether excusable neglect has been shown, courts must examine the factors articulated by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993). Those factors target: 1) the danger of prejudice to the debtor; 2) the length of delay and its potential

---

[6](...continued)
parties in the manner provided in Civil Rule 5(b). Civil Rule 5(b)(1), in turn, provides that "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Visconti was represented by counsel and counsel was given notice by U.S. mail of the entry of the Reconsideration Denial Order on November 15, 2010. Proof of that mail service on Visconti's attorney is included in both the docket entry and the excerpts of record. Where there is "proof that mail is properly addressed, stamped and deposited in an appropriate receptacle, it is presumed to have been received by the addressee in the ordinary course of the mails." Herndon v. De la Cruz (In re De la Cruz), 176 B.R. 19, 22 (9th Cir. BAP 1994) (quoting Hagner v. United States, 285 U.S. 427, 430 (1932)). Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994) (citing Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 92 (1990)). Without this legal presumption, our legal system could "unravel" because any litigant could defeat a claim of service by mail with an unsubstantiated denial of receipt. Berry v. U.S. Tr. (In re Sustaita), 438 B.R. 198, 209 (9th Cir. BAP 2010). For this reason, a litigant challenging notice served by mail must show "by clear and convincing evidence that the mailing was not, in fact, accomplished." In re Sustaita, 438 B.R. at 209 (quoting Moody v. Bucknam (In re Bucknam), 951 F.2d 204, 207 (9th Cir. 1991). Thus, we agree with the bankruptcy court that the Extension Motion failed because there was no evidence submitted to show that Visconti was not aware of the Reconsideration Denial Order until November 30, 2010, nor to rebut the legal presumption that her attorney was aware of the entry of that order within the 14-day period, which knowledge is imputed to Visconti.

7

impact on judicial proceedings; 3) the reason for the delay; and 4) whether the movant acted in good faith. Pioneer, 507 U.S. at 395. The burden to demonstrate excusable neglect in this context falls squarely upon the party seeking to be excused from timely performance, or in this case, on Visconti. In re Cahn, 188 B.R. at 630-31.

Visconti contends in her briefing that her delay in learning of the entry of the Reconsideration Denial Order was due to events surrounding the intervening Thanksgiving holiday. But this seems implausible, since that order was entered by the bankruptcy court on November 15, 2010, some ten days before Thanksgiving on November 25, and over two weeks before November 30th, the following Tuesday.

Moreover, Visconti complains that the bankruptcy court had prohibited her attorney from personally contacting the court's chambers or clerk's office. Visconti's Opening Brief at 7. By bankruptcy court order entered on November 3, 2010, Visconti's counsel and his staff and agents were prohibited from contacting the bankruptcy judge and her staff, as well as the clerk's office, either in person or on the telephone.[7] But this prohibition is of no help to Visconti under these facts. Even if her attorney was prevented from making direct contact with the

_____

[7] As the basis for taking the extraordinary step of prohibiting the attorney's phone contacts with chambers or the clerk, the bankruptcy court noted that, in his prior contacts, "repeatedly, throughout the course of these conversations, Mr. Do and his assistant, Emily, have been rude and disrespectful and, on occasion, that they have resorted to screaming rather than communicating in a civil tone of voice[.]" Order of November 3, 2010 at 1.

8

bankruptcy judge or clerk, nothing prevented Visconti or her counsel from checking on the status of the bankruptcy case via the court's internet electronic docket.  In In re Delaney, the Ninth Circuit held that litigants "have an affirmative duty to 'monitor the dockets to inform themselves of the entry of orders they may wish to appeal.'" 29 F.3d at 518 (quoting Miyao v. Kuntz (In re Sweet Transfer & Storage, Inc.), 896 F.2d 1189, 1193 (9th Cir. 1990) superseded by Rule on other grounds, In re Arrowhead Estates Dev. Co., 42 F.3d 1306, 1310 (9th Cir. 1995)).  Thus, even assuming the mail was delayed, such would not provide a basis for treating Visconti's notice of appeal filed outside the initial fourteen-day window as one timely filed, nor would it amount to a showing of excusable neglect.  In re Sweet, 896 F.2d at 1193.  Simply put, that Visconti and her counsel both failed to monitor the electronic docket may have been neglectful, but such neglect was not excusable.

**CONCLUSION**

Visconti made no showing of excusable neglect sufficient to satisfy the requirements of Rule 8002(c)(2).[8]  Accordingly, the

---

[8]  The Panel was handicapped in this appeal by the failure of the attorney for Visconti, Hieu Do, to abide by the Rules. Visconti's brief violated Rule 8010(a) by failing to provide a defensible basis of appellate jurisdiction, any standards of appellate review, or a table of authorities.  The latter may perhaps be explained by the complete absence of any citations in the brief to case law, statutes, or other authorities supporting counsel's arguments, thus violating Rule 8010(a)(1)(E).  In violation of Rule 8010(a)(1)(D), the brief makes no precise references to the record, and Visconti's excerpts of record only present her position, and do not include appellee's responses to her pleadings as required by Rule 8009(b)(1) and (6).  Fairly
(continued...)

9

bankruptcy court did not abuse its discretion when it denied Visconti's motion for extension of time to appeal the Denial Order. We therefore AFFIRM the bankruptcy court's order denying Visconti's Extension Motion.

---

[8](...continued)
read, the brief is a diatribe concerning Visconti's perceived unfair treatment at the hands of her ex-husband, the bankruptcy trustee, and the bankruptcy court. While the brief raises a variety of issues, and asserts numerous facts, wholly irrelevant here, what the brief does not address is the critical issue in this appeal: whether Visconti's failure to meet the deadline to appeal the Reconsideration Denial Order is due to excusable neglect. Finally, we note that Do did not acknowledge receipt of the hearing notice sent to him by the Panel's clerk, nor did he appear at the time set for oral argument before this Panel.

Simply put, Do's cavalier approach to complying with the Rules failed to meet minimum standards for counsel appearing before this Panel.